FILED
2025 May-07  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

EARNEST COLEMAN,                                    Case No.

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, EARNEST COLEMAN, by and through undersigned counsel, hereby files this Complaint against Defendant, UNITED STATES OF AMERICA, and alleges the following:

## NATURE OF THE ACTION

1. This action arises from personal injuries caused by the United States, through the negligence of its agency, the Bureau of Prisons, and the negligence of its employees, the medical staff who worked at Federal Correctional Institution Talladega, Alabama, while Coleman was incarcerated there.

## JURISDICTION AND VENUE

2. This action is filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., under which the United States of America has been named

Defendant. According to 28 U.S.C. § 1346(b), "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States." Therefore, the Court has jurisdiction over this action.

3. 28 U.S.C. § 1402(b) provides that "any civil action on a tort claim against the United States under subsection (b) of section 1346 . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. In this case, the acts and omissions of the Government that caused Coleman's injuries occurred while he was in the custody of the Bureau of Prisons, in or near the Federal Correctional Institution in Talladega, Alabama. Therefore, this judicial district is the proper venue.

### **PARTIES**

4. Plaintiff, Earnest Coleman, is a citizen of the United States, and he currently resides in Birmingham, Alabama. Coleman was convicted and sentenced to be incarcerated for a period of 78 months. Coleman served the first part of his sentence at Federal Correctional Institution, Talladega, and in December of 2022, he was granted supervised release and moved into community-release residence. Coleman was released in February 2023 under the Cares Act due to his diabetic foot issues and served the remainder of his sentence under house arrest which ended in May of 2024.

5.      Defendant, the United States of America, was acting at all relevant times through employees of its agency, the United States Department of Justice, Federal Bureau of Prisons.

**<u>STATUTORY BASIS FOR THE GOVERNMENT'S LIABILITY</u>**

6.      This case is brought against the United States of America pursuant to 28 U.S.C. §§ 2671, et seq., commonly referred to as the "Federal Tort Claims Act." The liability of the Government is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674, because the personal injuries and resulting damages that form the basis of this complaint were proximately caused by the negligence, wrongful acts and/or omissions of employees of the Government through its agency, the United States Department of Justice, Federal Bureau of Prisons. These employees were acting within the course and scope of their office or employment, under circumstances where the Government, if it were a private person, would be liable to the Plaintiff in the same manner and to the same extent under the laws of the State of Alabama.

7.      Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of the Government, the United States Department of Justice, Federal Bureau of Prisons (BOP). Coleman sent notice of this claim, using the Department of Justice Standard Form 95, by mail on June 23, 2024. BOP received the completed form two days later, on June 25, 2024.

8.    On October 2, 2024, BOP sent a letter to Coleman, acknowledging receipt of the claim and logging it on July 29, 2024. BOP also requested a copy of all records in Coleman's possession relating to the claim. Those records were mailed to BOP in November of 2024.

9.    As of the date of filing this Complaint, BOP has not made a final disposition granting or denying the claim.

10.    28 U.S.C. § 2675(a) says that "the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." For Coleman's claim, this six-month period expired in January 2025. Therefore, Coleman has the right to deem—and by filing this Complaint, does so deem—BOP's failure to make a final disposition to be a denial of the claim.

11.    Coleman has therefore satisfied all of the pre-requisites for filing this Complaint under the FTCA.

## LIABILITY AND DAMAGES ALLEGATIONS

12.    On June 6, 2022, Plaintiff-Coleman was sent to Federal Correctional Institution (FCI) Talladega to serve his criminal sentence, and, at all relevant times, he was an inmate under the jurisdiction, custody, and control of the Government, through the United States Department of Justice, Federal Bureau of Prisons.

4

13.     Throughout the relevant period, the Government maintained its employment of the medical staff at FCI Talladega, representing the medical staff to be competent and qualified physicians, physician assistants, nurse practitioners, nurses and medical assistants. This includes the Government's employment of Dr. Mourtada, the physician responsible for overseeing the health and wellbeing of Coleman during Coleman's incarceration at FCI Talladega.

14.     At all relevant times, the Government had a duty to persons under its jurisdiction, custody, and control, including Coleman, to properly and adequately monitor and supervise its agents, servants, and employees, including Dr. Mourtada and all other healthcare providers and medical staff employed at FCI Talladega.

15.     At all relevant times, the Government had a duty to the incarcerated people under its custody and control, including Coleman, to provide them competent and adequate healthcare and medical services.

16.     In necessary reliance upon the Government's duty to provide competent and adequate healthcare and medical services as an incarcerated person, Coleman complained to Dr. Mourtada, on June 27, 2022, about an ulcer that had formed on his left foot due to Coleman's diabetes.

17.     Upon his complaint about the ulcer, the Government, through its employee, Dr. Mourtada, undertook medical care and supervision of Coleman's condition. The Government therefore owed Coleman a duty to exercise the

reasonable and ordinary care, skill, and ability ordinarily exercised by other practitioners in the same or similar circumstances.

18.    In response to Coleman's complaint and Dr. Mourtada's observation of the ulcer, Dr. Mourtada did not prescribe any medication or treatment for the ulcer beyond regular cleansing with soap and water, ointment, and exposure to sunlight.

19.    Throughout July, August, and September of 2022, Coleman repeatedly complained to Dr. Mourtada about the ulcer on his foot, but Dr. Mourtada did not prescribe any additional treatment or medication, nor did he take any additional steps to address Coleman's persistently unhealing and painful ulcer.

20.    On September 28, 2022, Coleman once again returned to FCI Talladega's medical unit with a complaint about his foot ulcer. This time, Dr. Mourtada was away on vacation, so Nurse Sabrina Thomas examined Coleman's foot and decided to test the wound for infection. The results showed that the ulcer on Coleman's left foot was, in fact, infected.

21.    On September 29, 2022, in response to the confirmation of infection in his foot, Coleman was transferred out of FCI Talladega to St. Vincent's Hospital so that he could receive emergency medical care.

22.    After unsuccessful attempts to treat the infection by other means, doctors at the hospital determined that the first two toes on Coleman's left foot would need to be amputated.

23.    The amputation procedure took place on October 6, 2022. However, the procedure was unsuccessful in stopping the spread of the infection.

24.    On December 12, 2022, Coleman underwent another amputation procedure to remove the entire top half of his left foot.

25.    While attempting to recover from the amputation procedures, Coleman was granted supervised release, and he was moved to a community-release residence.

26.    While on supervised release, but still within the custody and control of the Bureau of Prisons, another ulcer formed on what remained of Coleman's left foot.

27.    On February 15, 2023, Coleman returned to St. Vincent's hospital where he was advised to monitor the new ulcer and keep it clean.

28.    On April 21, 2023, Coleman returned to St. Vincent's hospital for an examination of the progress of his recovery from the amputation procedures. Upon his examination of what remained of Coleman's left foot, the doctor at St. Vincent's determined that the foot was not healing properly and suspected that it may still have been infected.

29.    The doctor sent Coleman to the emergency department of St. Vincent's where an incision was made into his foot and a sample of bone was taken.

30.    From testing on the sample, the doctors confirmed that Coleman's left foot was still infected and that a third procedure would need to be performed to remove an additional part of his left foot, a bone that had become and remained infected despite all of the previous treatment and procedures.

31.    On May 6, 2023, doctors at St. Vincent's performed the third surgery to remove the infected bone and implanted antibiotic beads inside the foot in hopes of preventing any further infection.

32.    Throughout the origination of the ulcer, the spread of the infection, all of the procedures to treat the infection, and all of the post-operative treatment and recovery that followed, Coleman suffered from physical pain and extreme discomfort. He has also suffered from the emotional injury of losing a large portion of his left foot and effectively losing the ability to participate normally in the life that awaited him after he fulfilled his prison sentence.

## COUNT ONE – NEGLIGENCE

33.    Plaintiff incorporates paragraphs 1-32 of this Complaint, as if fully set forth herein.

34.    At all times material hereto, Defendant owed a duty to those incarcerated individuals under its custody and control, including Coleman, to provide them competent and adequate healthcare and medical services.

35.    In examining, diagnosing, and refusing to treat Coleman's foot, the Government, acting through its employee, Dr. Mourtada, failed to follow commonly known and accepted practices in the medical profession, and was otherwise negligent and careless in committing the acts and omissions of malpractice that caused Coleman's injuries.

36.    Defendant, acting through its agents, servants, and employees, including Dr. Mourtada and other medical staff and healthcare providers at FCI Talladega, failed to exercise reasonable and ordinary care, skill, and diligence, and departed from the generally accepted and recognized standard of care or skill of the local and national medical community while undertaking medical care and assistance of Coleman.

37.    Defendant was negligent, in one or more of the following respects:

a) In failing to adopt or implement policies and procedures sufficient to provide for the adequate care, assistance, and treatment of Coleman;

b) In failing to perform procedures which would have prevented Coleman's injuries and the need to amputate his foot, including, better monitoring of the ulcer that developed, improved sanitary conditions once it was recognized that Coleman was being held in general confinement with an open wound, timely

performance of culture testing and/or biopsies for the proper, adequate, and timely assessment of possible infections, and the prescription of antibiotics to fight possible infections;

c) In failing to provide the appropriate medical care, assistance, and treatment to Coleman under the circumstances;

d) In negligently, carelessly, and improperly allowing Coleman's ulcer to go untreated;

e) In failing to properly, diligently, and timely perform appropriate examinations of Coleman's ulcer, a persistently unhealing, open wound;

f) In negligently, carelessly, and improperly causing a significant delay in diagnosis and treatment of the infection that developed from Coleman's ulcer;

g) In failing and omitting to perform proper and timely tests, examinations, procedures, and studies of Coleman's ulcer and possible infections;

h) In failing and omitting to understand the clinical analysis, laboratory analysis, physical examination, complaints, pains, signs and/or symptoms of Coleman so that a proper diagnosis could be made and/or a proper course of treatment given;

i) In failing and omitting to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examinations, information, services, attention to Coleman;

j) In failing and omitting to use reasonable judgment and care in the provision of medical care, attention, and services to Coleman;

k) In giving improper medical care, attention, or treatment to Coleman;

38.    Because of the negligence of its agents, servants, and employees at FCI Talladega, the Government is solely responsible for Coleman's injuries, and by no fault of Coleman.

39.    As a direct and proximate result of the medical negligence of the Government's employees and medical staff at FCI Talladega, as alleged above, for which the Government is vicariously liable, Coleman was severely injured and has suffered pain, mental anguish, disability, disfigurement, aggravation, and loss of ability to enjoy the same normal life he once had. He has also incurred medical and health care expenses for the treatment of his injuries and has lost earnings and earning capacity. These damages are permanent and continuing in nature; Coleman will continue to incur them in the future.

11

WHEREFORE, Plaintiff respectfully demands judgment against the United States of America for compensatory damages, and for costs and interest to the extent allowed by law.

Dated this 7th day of May, 2025.


Respectfully submitted,

/s/ Ramon Martin

Ramon Martin


The Justice Law Firm, LLC
Ramon Martin, Attorney
505 20th Street N.
Suite 1220 – 1157
Birmingham, AL 35203
Telephone: (205) 983-2017
Email: Ramon.Martin@LegalJusticeMatters.com